UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONDI EARL EATON,

        Petitioner,

v.                                        Case Number: 08-CV-13461
                                              Honorable John Corbett O'Meara

CINDI CURTIN,

        Respondent.
_____/

## OPINION AND ORDER
## (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT THEREBY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

Petitioner Dondi Earl Eaton, a state inmate currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan,[1] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On August 22, 1977, following a jury trial in the Wayne County, Michigan, Circuit Court, Petitioner was convicted of three counts of first-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520(b)(1) and, one count of armed robbery in violation of MICH. COMP. LAWS § 750.529. On September 12, 1977, he was sentenced to four concurrent terms of parolable life imprisonment.

Subsequently, while imprisoned, on April 9, 2001, Petitioner was sentenced, following a *nolo contendere* plea, to fourteen- to forty-eight-months imprisonment for assaulting a prison

---

[1]Petitioner was incarcerated at the Oaks Correctional Facility in Manistee, Michigan, when he filed his petition for writ of habeas corpus on August 11, 2008.

official in violation of MICH. COMP. LAWS § 750.197c. That incident occurred at the Muskegon Correctional Facility on September 23, 2000, during a shakedown; Petitioner was found to have a rubber glove containing twenty-one packets of heroin. A struggle between the officer and Petitioner ensued, resulting in the officer being injured; he suffered a broken rib.

In his pleadings, Petitioner raises four claims: (1) the circuit court was divested of jurisdiction, (2) ineffective assistance of counsel, (3) Ex Post Facto violations regarding his parolable life sentence and, (4) the Michigan Parole Board's process for reviewing parolable lifers violates his due process rights. Respondent did not file an answer but rather filed a motion for summary judgment, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1).

After carefully reviewing this claim, the Court concludes that the petition was filed after the applicable statute of limitations had expired and that the late petition cannot be saved by the doctrine of equitable tolling, thereby denying Petitioner's motion for equitable tolling. The Court, therefore, will dismiss the petition. The Court also declines to issue Petitioner a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

## I. BACKGROUND

### A. Substantive Facts

This case arises as a result of an incident that occurred on December 13, 1975. At approximately 1 a.m., the complainant, who was driving home, decided to take a short-cut through an alley. As she proceeded through the alley, another car blocked her passage. Petitioner got out of the car, walked over to the complainant's vehicle, held a gun to her head, and ordered her to open the door of her car. He then drove several blocks away to another alley

where, over a period of an hour, he forced her to engage in three criminal sexual acts involving penetration. After allowing the complainant to leave the vehicle (which contained her purse), Petitioner drove away.

A short time later, two police officers observed Petitioner sitting in the complainant's vehicle, going through her purse and discarding various items out the window. Petitioner became aware of the presence of the police and drove off at a high rate of speed. A high-speed chase through residential areas ended in another alley when Petitioner totaled the complainant's car; the chase, however, continued on foot, culminating in Petitioner's arrest. In the course of their pursuit, the police managed to shoot Petitioner in the arm. Petitioner was sixteen-years-old at the time of the incident.

### B.  Procedural Facts

Petitioner was subsequently convicted and sentenced as stated above. In August 1979, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising eight claims. In a published opinion, the Michigan Court of Appeals affirmed his convictions and sentences. *People v. Eaton*, 114 Mich.App. 330, 319 N.W.2d 344 (1982). Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court. The Michigan Supreme Court denied his application on March 21, 1983. *People v. Eaton*, ---Mich. ---, --- N.W.2d --- (1983).

Then, twelve years later, in July 2005, Petitioner filed a motion for relief from judgment with the Wayne County Circuit Court. On March 17, 2006, the circuit court issued an opinion and order denying Petitioner's motion. *People v. Eaton*, No. 76-635308-01-FY (Wayne County Circuit Court, Mar. 17, 2006).

In March 2007, Petitioner filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals. On July 26, 2007, the Michigan Court of Appeals denied Petitioner's application, "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Eaton*, No. 276761 (Mich.Ct.App. July 26, 2007). Subsequently, Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was rejected on May 8, 2008, as late–beyond the fifty-six-day period.

Following, on August 11, 2008, Petitioner filed his petition for a writ of habeas corpus, along with a motion for equitable tolling, both were signed and dated July 31, 2008. (Dkt. ## 1 & 3.) In his petition, Petitioner raises the following claims:

   I.  The circuit court was divested of jurisdiction to try [Petitioner] for the crime in question because the juvenile court failed to [advise] Petitioner of his right to appeal the waiver to district court which constitutes a radical jurisdictional defect.

   II. The failure of Petitioner's trial counsel to appeal the juvenile court waiver to circuit court within six months deprived Petitioner of a substantial defense and thus denied Petitioner of his Sixth Amendment right to effective assistance of counsel.

   III. The Michigan Parole Board's policy of converting a parolable life sentence into a non-parolable life sentence increased Petitioner's punishment in violation of the state and federal constitutions' [] [E]x [P]ost [F]acto [C]lause, [].

   IV. The Michigan Parole Board's process for reviewing "parolable lifers' violates procedural due process under the United States and Michigan Constitutions because there are not sufficient procedural safeguards to provide a proper hearing to protect a liberty interest, [].

Rather than filing an answer to the petition, on March 18, 2009, Respondent filed a motion for summary judgment, asserting that the petition should be dismissed as untimely under the one-year statute of limitations applicable to federal habeas actions. (Dkt. # 10.)

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions.  28 U.S.C. § 2244(d)(1); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 1236, 170 L.Ed.2d 81 (2008).  Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application.  *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R.13. However, case law provides that where a newly-enacted statute of limitations shortens the time for filing suit, a party against whom the limitations period has already run when the statute becomes effective must be given a reasonable time to file suit. The Sixth Circuit has held that it is reasonable to allow a litigant the benefit of the full one-year limitations period. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).

Since the AEDPA amended habeas proceedings under 28 U.S.C. § 2254 on April 24, 1996, a petitioner whose conviction became final before the effective date of the amendment must file an application for a writ of habeas corpus on or before April 24, 1997. The statute of limitations may be tolled statutorily by a properly filed motion for post-conviction relief, or equitably by the Court, under limited circumstances.

Additionally, under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The United States Supreme Court has held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

### III.  DISCUSSION

#### A.  Timeliness of Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations period. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on March 21, 1983. However, in this case, because Petitioner's convictions were final prior to the enactment of the AEDPA, his habeas claims did not become subject to the AEDPA until April 24, 1996, when the act was signed into law. Accordingly, Petitioner had one year from April 24, 1996–or until April 24, 1997–to file his habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Indeed, in July 2005, over eight years after the limitations period for his habeas relief expired, Petitioner filed a post-conviction motion in state court, seeking relief from judgment.

Thus, the untimely filing of that motion did not toll or restart the running of the statute of limitations period. Petitioner does not allege facts to show that the State created an impediment to filing his habeas petition or that his claims are based upon newly-created rights or newly-discovered facts. Consequently, Petitioner is barred from habeas relief by the untimely filing of his petition as set forth in 28 U.S.C. § 2244 (d). However, Petitioner contends that the doctrine of equitable tolling should apply because he was unaware of the filing requirements regarding his motion for relief from judgment and his habeas petition.

### B. Equitable Tolling

The United States Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n. 8 (2005). However, most circuits, including the United States Court of Appeals for the Sixth Circuit, have determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence is likewise undecided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, it has determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418.

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is

appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004)). "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)); *see Pace*, 544 U.S. at 418. We have repeatedly cautioned that equitable tolling should be granted "sparingly." *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.") (Citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653.

Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (Inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter*, 395 F.3d at 588-90. As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner has failed to establish that he is entitled to equitable tolling because of his lack of awareness regarding the filing requirements regarding his motion for relief from judgment and his habeas petition. "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen* , 366 F.3d at 403 (quoting *Rose*, 945 F.2d at 1335).

Furthermore, the Court finds that Petitioner has also failed to establish that he diligently pursued his rights, given that he filed his motion for relief from judgment over eight years after the limitations period had expired, and given that he filed his habeas petition over two months after state-appellate review of his motion for relief from judgment had ended. Petitioner is also not entitled to equitable tolling under *Souter*, as he has neither alleged nor met the stringent standard for establishing a credible claim of actual innocence.

Against that backdrop, the Court finds that Petitioner has not met his burden of establishing that he is entitled to equitable tolling. Therefore, the Court finds that Petitioner is not entitled to habeas relief.

### C.  Ex Post Facto Claims–III and IV

Although the Court finds that Petitioner is not entitled to habeas relief, as his petition was filed beyond the statute of limitations period, the Court nevertheless briefly addresses Petitioner's Ex Post Facto claims–claims III and IV, regarding the Michigan Parole Board's process for reviewing "parolable lifers."  To the extent that Petitioner argues that he is entitled to relief because the 1992 Amendments to the parole laws violate the Ex Post Facto Clause, this claim is not properly considered by this Court.

In a civil proceeding in this district, *Foster-Bey v. Rubitschun*, No. 05-71318  (E.D. Mich. Oct. 27, 2007) (Battani, J.), a group of plaintiff prisoners filed suit under § 1983 presenting the precise Ex Post Facto claims involved here.  That matter was given class-action status.  Petitioner in this case is a member of that class.  In *Foster-Bey*, the district judge found an Ex Post Facto violation with regard to prisoners sentenced to "parolable" life terms based on the combined effect of several statutory amendments.  In its final order for purposes of appeal, the district court issued a declaratory judgment and injunctive order fashioning relief and requiring the Parole Board to give "prompt personal parole review" to the plaintiff class under the norms used before 1992.  *Foster-Bey*, No. 05-71318 at 2 (E.D. Mich. Feb. 7, 2008) (Battani, J.).

Further, while the class action is on appeal, the district court in *Foster-Bey* is proceeding with its monitoring of the Parole Board's progress in giving prompt personal parole review to the

plaintiff class as required by the district court's injunctive order. The Sixth Circuit has held it improper for a class-action plaintiff to pursue an individual action that is duplicative of the class action. *Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir.1987) ("To allow two or more district judges to issue directions to prison officials simultaneously would be to create . . . an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense."). Therefore, an adequate remedy for Petitioner's Ex Post Facto claims lie in the proceedings in *Foster-Bey*. In fact, pursuant to the Rule 5 documents submitted, Petitioner has been reviewed, pursuant to the *Foster-Bey* parolable lifer review, and was denied parole on February 26, 2009. See Michigan Parole Board Record, pp. 10-13. Petitioner's next action is scheduled for December 10, 2011.

### D.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and no certificate of appealability is therefore warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [dkt. # 10] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Equitable Tolling" [dkt. # 3] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

s/John Corbett O'Meara
United States District Judge

Date: March 24, 2009

-13-

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 24, 2009, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                  Case Manager