UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONDI EARL EATON,

       Petitioner,

v.                                        Case Number: 08-CV-13461
                                           Honorable John Corbett O'Meara

CINDI CURTIN,

       Respondent.

_____/

**OPINION AND ORDER
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
UNDER FEDERAL RULE 60(b)**

On March 24, 2009, this Court denied Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, finding that the petition was not timely filed under 28 U.S.C. § 2244(d)(1). (Dkt. # 12.) Before the Court now is Petitioner's motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(1). For the reasons stated below, the motion is denied.

I.

On August 22, 1977, following a jury trial in the Wayne County, Michigan, circuit court, Petitioner was convicted of (1) three counts of first-degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520(b)(1), and (2) one count of armed robbery, in violation of MICH. COMP. LAWS § 750.529. On September 12, 1977, he was sentenced to four concurrent terms of parolable life imprisonment.

Subsequently, while imprisoned, on April 9, 2001, Petitioner was sentenced, following a *nolo contendere* plea, to fourteen- to forty-eight-months imprisonment for assaulting a prison official, in violation of MICH. COMP. LAWS § 750.197c. That incident occurred at the Muskegon Correctional Facility on September 23, 2000, during a shakedown; Petitioner was found to have a rubber glove

containing twenty-one packets of heroin. A struggle between the officer and Petitioner ensued, resulting in the officer being injured; he suffered a broken rib.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences and the Michigan Supreme Court denied his application for leave to appeal.

II.

A Rule 60(b) motion does not serve as a substitute for an appeal, or bring up for review a second time the merits of the district court's decision dismissing a habeas petition. *Rodger v. White*, 996 F. 2d 1216, 1993 (6th Cir. 1993). Rather, Rule 60(b) is properly invoked in habeas cases "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship, and should be liberally construed when substantial justice will thus be served." *Cornell v. Nix*, 119 F. 3d 1329, 1332 (8th Cir. 1997) (quoting *Mohammed v. Sullivan*, 866 F. 2d 258, 260 (8th Cir. 1989)). Rule 60(b) states in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct of an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) says that the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. It has been suggested that when the "mistake" cited as a ground for relief under subpart (1) is an error of law, the "reasonable time" is limited to the time period in which the aggrieved party would otherwise have to appeal. *See Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir.1983) (quoting, but not adopting, trial court's decision to that effect).

The Court finds Petitioner's motion timely and will deny it because he has failed to offer any arguments which this Court has not already previously considered and rejected in its opinion and order. *See Brumley v. Wingard,* 269 F. 3d 629, 647 (6th Cir. 2001). The Court denies the motion for the following reasons.

First, the Court, in its opinion and order, found that Petitioner did not file his application for a writ of habeas corpus within the statute of limitations period. Because Petitioner's convictions were final prior to the enactment of the AEDPA, his habeas claims did not become subject to the AEDPA until April 24, 1996, when the act was signed into law. Accordingly, Petitioner had one year from April 24, 1996–or until April 24, 1997–to file his habeas petition, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2). Petitioner did not file his post conviction motion in the trial court until July 2005, over eight years after the limitations period for his habeas relief expired. Thus, the untimely filing of that motion did not toll or restart the running of the statute of limitations period. Consequently, the Court concluded that Petitioner was barred from habeas relief by the untimely filing of his petition as set forth in 28 U.S.C. § 2244 (d).

Second, the Court also found that Petitioner failed to establish that he was entitled to equitable tolling, given that he filed his motion for relief from judgment over eight years after the limitations period had expired, and given that he filed his habeas petition over two months after state-appellate review of his motion for relief from judgment had ended.  Thus, the Court concluded that Petitioner was not entitled to equitable tolling, as he neither alleged nor met the stringent standard for establishing a credible claim of actual innocence.

Therefore, Petitioner has failed to demonstrate any extraordinary circumstances, or establish that the [Court's] judgment may work an extreme and undue hardship.  *Cornell*, 119 F. 3d at 1332 (quoting *Mohammed*, 866 F. 2d at 260).

Against that backdrop, the Court denies Petitioner's motion for relief from judgment.

III.

Accordingly, **IT IS ORDERED** that Petitioner's motion for relief from judgment [dkt. # 14] is **DENIED.**

**SO ORDERED.**

                          s/John Corbett O'Meara
                          United States District Judge

Date:  November 9, 2009


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 9, 2009, using the ECF system and/or ordinary mail.

                          s/William Barkholz
                          Case Manager